UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MELANIE A. ESAW and )
QUANTIKO A. ESAW, )
)
Plaintiff )
) No. 3:12-0639
v. ) Judge Campbell/Brown
)
METRO POLICE DEPT., *et al.*, )
)
Defendants )

TO: THE HONORABLE TODD J. CAMPBELL

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders.

## BACKGROUND

Plaintiff Melanie A. Esaw filed this case *pro se*. Also listed as a Plaintiff was Quantiko A. Esaw, who apparently is her adult son and for whom she has been the appointed successor conservator. The appointment of conservator was by Judge Kennedy of the Davidson County Second Circuit dated August 8, 2008.

In the order authorizing the case to go forward the Plaintiff was sent a service packet for each of the named Defendants and directed to return them to the Clerk's office within 20 days of the date of the receipt of this order. The Plaintiff was specifically forewarned that failure to return the completed service packet within the time required could jeopardize prosecution of this action. They were also forewarned that

prosecution of the action would be jeopardized if they should fail to keep the Clerk's office informed of their current address.

Since then it appears that the order and the service packet sent to Mrs. Esaw was returned (Docket Entries 5 through 9), with the exception that apparently one certified return receipt card (green card) came back unsigned and undated. In all likelihood this card became separated from its original mail.

Without the return of the service packets this case cannot progress and it appears that Mrs. Esaw has moved without leaving a forwarding address with the post office or notifying the Court.

## LEGAL DISCUSSION

With the Plaintiffs losing contact with the Court so quickly this case is not in a position to proceed and the Mrs. Esaw is clearly not pursuing her case and is not obeying Court orders.

Additionally, Quantiko, her son, did not sign the complaint. A review of the complaint shows that she is seeking compensation for bodily harm to her son.

## CASE LAW

It is clear that a party proceeding *pro se* may represent only themselves and not another party. *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002). In the *Shepherd* case the Court held at page 970 that:

> Although **28 U.S.C. § 1654** provides that "[i]n all courts of the United States the parties may plead and conduct

2

their own cases personally or by counsel," that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause."). Moreover, the Second Circuit has held that "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries and creditors other than the litigant." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997). Under *Pridgen* and *Iannaccone*, Gary Shepherd cannot proceed *pro se* with respect to the § 1983 action because he is not the sole beneficiary of the decedent's estate. *See Jaco v. Bloechle* 739 F.2d 239, 240 (6th Cir.1984) (noting that § 1983 actions are personal to the injured party and can only be brought by the executor of an estate). Similarly, parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative. *See* \*971 *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990). As a result, Jones could not appear *pro se* in the claims brought on behalf of the decedent's son Jacob. Since case law does not permit Gary Shepherd or Mary Jane Jones to proceed *pro se* in the claims filed on behalf of the estate and Jacob Shepherd, we conclude that the district court properly dismissed these claims for failure to prosecute.

In that case the Court pointed out that the right to represent oneself did not include the right to represent an executor or a minor child. Mrs. Esaw is not authorized to represent her son *pro se* even if she is a conservator.

While it would be possible to hold off dismissing the case and allow either Mr. Esaw to sign his own pleading, or to obtain an attorney, that avenue is foreclosed by the fact that the Plaintiff has apparently totally lost contact with the Court. Plaintiff is also required to obey Court orders, or the case is

3

subject to dismissal for violation of Federal Rule of Civil Procedure 41.

**[do you want insert here or above?]**

In this case since the Plaintiff has failed to provide the Court with a current address and has failed to make any provision to have mail forwarded to her, the Magistrate Judge can only conclude that her conduct is willful.

Prejudice to the Defendants may well be present. The Plaintiff waited one day short of a full year to file the complaint in this matter. The longer the case goes without Defendants being aware of the fact that a suit has been filed against them, it will allow memory to fade and evidence to be destroyed.

The Court advised the Plaintiff in its initial order that failure to return the service packets and to keep a current address on file could jeopardize her case.

Finally, there are the possibilities of lesser sanctions and should the Plaintiff object to this report and recommendation through the return of the service packets and given some time frame within which she could obtain counsel for her son, or to have her son sign the pleading, the case might be able to proceed. However, at the present time the Court is stymied in its effort to proceed at all in this matter. The Court certainly has a right and duty to have its orders obeyed and have the docket moved at a reasonable pace.

4

Even though the Magistrate Judge is recommending that dismissal be without prejudice since the Plaintiff waited until the last day to file the complaint, it may well be that the statute of limitations will bar any refiling of the case.

## RECOMMENDATION

For the reasons stated above the Magistrate Judge recommends this case be dismissed without prejudice for failure to prosecute and failure to obey Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 2nd day of August, 2012.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge